## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES of AMERICA, ex rel. DANTE HANDY, | ) ) ) ) | |
| Petitioner, | ) ) | No. 05 C 3814 |
| v. | ) ) | Judge Ronald A. Guzmán |
| DEIRDRE BATTAGLIA, Warden, Stateville Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Dante Handy ("Handy") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal conviction. For the reasons set forth below, the petition is denied, and this case is dismissed with prejudice.

## Discussion

In 1998, Handy was convicted of aggravated criminal sexual assault, armed robbery, aggravated kidnaping, aggravated battery of a senior citizen, home invasion, residential burglary, and possession of a stolen motor vehicle. (Gov't Ex. A, *People v. Handy*, No. 1-98-3010 at 1 (Ill. App. Ct. Mar. 11, 2002) (Rule 23 Order).) He was sentenced to four, consecutive thirty-year terms of imprisonment. (*Id.*)

Handy subsequently exhausted all of his appellate and post-conviction remedies and preserved for habeas review the single claim he presents in this petition, that his confession was coerced. (Resp't Answer at 6.) Thus, we turn to the merits of that claim.

Handy is entitled to habeas relief only if the state court's decision on his claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d) (2000). A decision is "contrary to" federal law "if the state court arrive[d] at a conclusion opposite to that reached by th[e] [Supreme] Court on a question of law or if the state court decide[d] a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of federal law if "the state court identifie[d] the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Id.* at 413. The state court's determinations of factual issues are presumed to be correct, unless the petitioner rebuts them with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

Whether a confession is voluntary is a mixed question of law and fact. *Lord v. Duckworth*, 29 F.3d 1216, 1221-22 (7th Cir. 1994). Thus, the first step in this analysis is to determine whether the state court applied the correct legal standard.

With respect to the standard, the state court said:

Handy contends that the trial court erred in denying his motion to suppress his confession. The State has the burden to show by a preponderance of the evidence that a confession was voluntary if a defendant claims it was coerced. People v. Case, 218 Ill. App. 3d 146, 154, 577 N.E.2d 1291 (1991). In deciding whether a statement was freely given, a trial court is to look at the totality of the circumstances surrounding the making of the statement. People v. Brown, 169 Ill. 2d 132, 144, 661 N.E.2d 287 (1996).

(Gov't Ex. A at 11.) The case the court cited for that standard, *People v. Brown*, instructs courts

to consider "the age, education and intelligence of the accused, the length of the detention and

the duration of the questioning, whether the accused was advised of his constitutional rights, and

whether the accused was subjected to any physical mistreatment" in determining whether a

confession is voluntary. 169 Ill.2d at 144 (quotation and citations omitted).

That standard for determining voluntariness mirrors the one espoused by the Supreme

Court:

> In determining whether a defendant's will was overborne in a particular case, the
> Court has assessed the totality of all the surrounding circumstances     both the
> characteristics of the accused and the details of the interrogation. Some of the
> factors taken into account have included the youth of the accused; his lack of
> education; or his low intelligence; the lack of any advice to the accused of his
> constitutional rights; the length of detention; the repeated and prolonged nature of
> the questioning; and the use of physical punishment such as the deprivation of
> food or sleep.

*Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973). Thus, though the state court did not cite

*Schneckloth*, it correctly identified the controlling legal standard. *See Adams v. Bertrand*, No.

05-1573, ___ F.3d ___, 2006 WL 1789008, at *8 n.4 (7th Cir. June 30, 2006) ("As this court has

repeatedly stated on habeas review, a state court need not cite to the applicable Supreme Court

case annunciating the standard, as long as the state court precedent cited agrees with it.").

The next question is whether the court applied that standard reasonably to the facts of

Handy's case. Handy says it did not because the court disregarded his allegations that the police

coerced him into confessing by threatening to hurt him if he did not and by telling him: (1) "the

ship [was] sinking" and he should "be the first rat off"; (2) "just think about it"; (3) "you ain't

3

getting nothing until you answer our questions"; and (4) his "co-defendant's statements will come out anyway." (Pet. at 9.)

At the suppression hearing, the arresting officers denied that they abused or threatened to abuse Handy, and the trial court credited their testimony. (Gov't Ex. A at 11-12.) The court's credibility determination is a finding of fact that Handy must rebut with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). He has made no attempt to do so. (*See generally* Pet.) Thus, the state court's findings that the officers did not abuse or threaten to abuse Handy stands.

That leaves the officers' alleged statements. Even if the officers made those statements, a proposition that is not at all clear from the record, Handy's confession still would not be involuntary. "[C]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled,' despite the fact that the law enforcement authorities adhered to the dictates of *Miranda*, are rare." *Berkemer v. McCarty*, 468 U.S. 420, 433 n.20 (1984). The state court found that the officers advised Handy of his *Miranda* rights, a finding that Handy failed to rebut. Given that and the court's other findings   that Handy was eighteen years old when he was questioned, the officers gave Handy food and allowed him to use the restroom during questioning, the officers did not make any material misrepresentations to him to entice him to confess and they neither used nor threatened to use violence against him – the officers' alleged statements urging Handy to cooperate cannot be deemed coercive. *See United States v. Dillon*, 150 F.3d 754, 758 (7th Cir. 1998) (holding that a "promis[e] to bring any cooperation . . . to the prosecutor's attention" is not coercive); *United States v. Ruggles*, 70 F.3d 262, 265 (2d Cir. 1995) ("[S]tatements to the effect that it would be to a suspect's benefit to cooperate are not improperly coercive."). In short, the state court's conclusion that Handy's

confession was voluntary was not an unreasonable application of the *Schneckloth* standard to the

facts of his case.

## Conclusion

For the reasons set forth above, Handy's petition for a writ of habeas corpus is denied,

and this case is dismissed with prejudice.

**SO ORDERED.**                                    **ENTERED:**


JUL 2 7 2006

HON. RONALD A. GUZMAN
United States District Judge